```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TYRIEK JORDAN,                  :
                                :    Civil Action No. 12-2424 (PGS)
            Plaintiff,          :
                                :
      v.                        :    **MEMORANDUM OPINION**
                                :
BEVERLY HASTINGS, et al.,       :
                                :
            Defendants.         :

**APPEARANCES:**

Plaintiff pro se
Tyriek Jordan
A.C. Wagner Youth Facility
Bordentown, NJ 08505

**SHERIDAN**, U.S.D.J.

    Plaintiff Tyriek Jordan, a prisoner confined at the A.C. Wagner Youth Facility in Bordentown, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

    Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is

unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

Plaintiff asserts that he was confined at New Jersey State Prison from March 30, 2011 to December 23, 2011, at Garden State Youth Correctional Facility from December 23, 2011 to January 13, 2012, and at A.C. Wagner Youth Correctional Facility from January 13, 2012 to the present.  He attaches to his Application for leave to proceed in forma pauperis an affidavit asserting that

officials at A.C. Wagner Youth Correctional Facility have refused to provide the required certified institutional account statement.

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit specifically detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.  The affidavit already submitted is not sufficiently detailed.  In addition, because he was confined at New Jersey State Prison and Garden State Youth Correctional Facility within six months of the date he submitted his Application, he must also provide certified institutional account statements from those institutions.[1]

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

---

[1] The Court notes that the Complaint and Application for leave to proceed in forma pauperis are undated and unsigned.  The affidavit is dated April 19, 2012.  Pursuant to Rule 11 of the Federal Rules of Civil Procedure, every paper submitted to the Court must be signed.  Accordingly, should Plaintiff apply to re-open this matter, he must sign such application to re-open, a copy of the Complaint, and the Application for leave to proceed in forma pauperis.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[2]

An appropriate Order will be entered.

> *s/Peter G. Sheridan*
> Peter G. Sheridan
> United States District Judge

Dated:  May 4, 2012

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).